UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
TERRY THORNE-EL,                 :       CASE NO. 1:13-CV-00369
                                                :
        Plaintiff,              :
                                                :
vs.                                          :       OPINION & ORDER
                                                :       [Resolving Doc. No. 1]
NON STOP CONNECTIONS       :
                                                :
        Defendant.             :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 20, 2013, *pro se* Plaintiff Terry Thorne-El filed the above captioned action under 42 U.S.C. § 1983 against Non Stop Connections. In the complaint, Plaintiff alleges Defendant breached a contract to provide him a magazine subscription and a list of female pen pals. He seeks monetary relief.

**I.  Background**

Plaintiff is incarcerated at Polk Correctional Institution in Butner, North Carolina. Plaintiff alleges that, on or about August 23, 2013, he ordered a magazine subscription and pen pal listing from Defendant Non Stop Connections, a Pepper Pike, Ohio company. He paid Defendant a total of $40 for these services. Defendant provided Plaintiff with a pen pal, but when Plaintiff wrote to her, the post office returned the mail as undeliverable. Plaintiff sent Defendant several requests for a refund pursuant to the contract's money back guarantee, however, Defendant failed to refund his money. Plaintiff seeks an award of $250,000 in damages.

## II.  Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## III.  Analysis

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).  Instead, federal courts have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Neither federal question or diversity jurisdiction exists in this case.

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of

the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–57 (1978). The person acting under color of law is usually a state or local government official or employee. *Doyle v. Schumann*, No. 1:07 CV 3684, 2008 WL 397588, at *3 (N.D. Ohio Feb. 11, 2008). A plaintiff does not have a cause of action under § 1983 against a private party no matter how wrongful the party's conduct. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Here, Defendant is a private party, and there are no allegations reasonably suggesting it acted under color of state law. Therefore, § 1983 is not applicable.

Diversity of citizenship, the only other basis for jurisdiction in the present case, exists strictly when no Plaintiff and no Defendant are citizens of the same state, and the amount in controversy exceeds the jurisdictional threshold of $75,000. *See Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). It is incumbent on the Plaintiff to state all parties' citizenships, so that the existence of complete diversity can be confirmed, and to establish the amount in controversy. *See Washington v. Sulzer Orthopedics, Inc.*, No. 03–3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003); *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n. 13 (3d Cir. 1999).

Here, while diversity of citizenship exists,[1] Plaintiff has failed to establish that

---

[1] Plaintiff is a North Carolina prisoner. Non Stop Connections is a corporation. For purposes of diversity jurisdiction, a corporation is a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff indicates Non Stop Connections has its principal place of business in Pepper Pike, Ohio. According to the Ohio Secretary of State business filings portal, Non Stop Connections is a fictitious name registered to NatureSolution, LLC, a Bedford Heights, Ohio limited liability corporation. *See* http://www.sos.state.oh.us/SOS/Businesses.aspx. Therefore, diversity of citizenship is complete

the amount in controversy exceeds the jurisdictional threshold. In determining the amount in controversy, the Court "should consider the amount alleged in a complaint and should not dismiss a complaint for lack of subject matter jurisdiction unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Mass. Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996) (quotation omitted); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). In applying the legal certainty test, courts have found that where the applicable state law barred the type of damages sought by the plaintiff then more than the jurisdictional amount could not be recovered to a legal certainty. *See Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir. 1983); *Wood v. Stark Tri–County Bldg. Trades Council*, 473 F.2d 272, 274 (6th Cir. 1973) (citing *Vance v. Vandercook Co.*, 170 U.S. 468 (1898); *Parmalee v. Ackerman*, 252 F.2d 721 (6th Cir. 1958)).

Under Ohio law, a party bringing a breach of contract claim can only recover damages for actual loss "established by evidence with reasonable certainty." *Evans Landscaping, Inc. v. Grubb*, No. C-090139, 2009 WL 4882817, at *3 (Ohio Ct. App. Dec. 18, 2009). Punitive damages are not available for a breach of contract claim "unless the facts are extreme, or amount to an independent tort." *Mangie v. N. City Travel*, 725 F. Supp. 934, 936 (N.D. Ohio 1989).

Plaintiff's Complaint purports to seek $250,000.00, but, based on the facts alleged, the Court can infer that Plaintiff, if successful on his breach of contract action, could only recover $40.00 in compensatory damages, the amount Plaintiff paid to Defendant under the contract. To meet the jurisdictional threshold, therefore, Plaintiff would have to recover at least

---

between the parties.

$249,960.00 in punitive damages.  Nevertheless, Plaintiff has failed to plead any facts showing Defendant's breach was in anyway "extreme."  Nor has Plaintiff alleged any facts tending to show the existence of an independent tort which would justify an award of punitive damages in this case.  Accordingly, it appears to a legal certainty that Plaintiff cannot in good faith claim the jurisdictional amount and, therefore, the Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

### IV.  Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed under 28 U.S.C. § 1915(e) without prejudice to any valid state law claims Plaintiff may have against Defendant under the facts alleged.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: April 18, 2013         *s/       James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides, "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."